IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JONATHAN TERRY                                                                                          PETITIONER

v.                              Civil No. 5:24-cv-05179

DISTRICT COURT OF BENTON COUNTY,
ARKANSAS, ROGERS DIVISION                                                                 RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by Jonathan Terry ("Terry") a person in federal custody at Coleman FCC. (ECF No.1). The Respondent has not been directed to file a response and for reasons set forth below, none is necessary.

### I.    BACKGROUND

Terry's current Petition concerns Terry's state criminal (misdemeanor) cases pending before the Benton County District Court, Rogers Division. According to his allegations, Terry has two pending misdemeanor cases in the Rogers Division of District Court – CR18-8049, a COC-FTC w/ Court Order (failure to comply in a consumer fraud case) and CR 19-6246 – a Failure to Appear/Class B Misdemeanor. (ECF No. 1, p. 10). Terry does not contend that his federal custody violates the laws or Constitution but instead seeks relief from a Rogers Division District Court warrant (WR-19-3647) issued on September 11, 2019. *Id.* Terry understandably complains that the unserved 2019 warrant precludes his participation in desirable programs at the Bureau of Prisons. Terry asks that this Court order the Rogers Division of the Benton County District Court to serve the warrant and/or secure a speedy trial for Terry on these state charges, "comply with the 5th and 6th Amendment," and comply with the Interstate Agreement on Detainer

1

Act in providing relief to Terry. (ECF No. 1, p. 8). Included within Terry's Petition is a July 25, 2024, letter from Deputy Court Clerk Amy Tucker that the Rogers District Court docket reflects these matters as "pending charges." (ECF No. 1, p. 11).

## II.     DISCUSSION

Without addressing whether Terry's Petition properly seeks relief under Section 2241 and if so, whether Terry has exhausted his administrative remedies, the undersigned recommends the Petition be dismissed as barred by the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), "the Supreme Court held that, consistent with our nation's commitment to the principles of comity and federalism, a federal court should abstain from exercising jurisdiction in cases where there is a parallel, pending state criminal proceeding, so long as certain conditions are met." *Minnesota Living Assistance, Inc. v. Peterson,* 899 F.3d 548, 551 (8th Cir. 2018). The Court should abstain from hearing a case when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey,* 409 F.3d 901, 903 (8th Cir. 2005) (*citing Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)).

While sympathetic to Terry's argument that the unserved 2019 warrant is complicating his federal custody (interfering with BOP opportunities to participate in programs to lower recidivism), ongoing state court proceedings implicate Arkansas' important state interest in enforcing its criminal laws. The District Court criminal proceedings afford Terry adequate opportunities to raise all his constitutional questions – including his filing a motion to dismiss with respect to violation of the Speedy Trial and/or other issues – with respect to these 2019 charges. In other words, pursuant to *Younger,* Terry must raise his claims of Constitutional violations in his state court criminal cases and not in a habeas action pursuant to Section 2241.

## IV. CONCLUSION

For these reasons, it is recommended that Terry's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE.**

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(b) & (c)(2); *see Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). A "substantial showing" is a showing that "issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (cleaned up). Based upon the above analysis of Allen's § 2241 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, **recommends that a certificate of appealability be denied.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 5th day of September 2024.

                                                    */s/ Christy Comstock*
                                                  CHRISTY COMSTOCK
                                                  UNITED STATES MAGISTRATE JUDGE